IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

THERESA JOSEPH, and
LEAH JOSEPH,   CV 11-109-M-DWM-JCL

         Plaintiffs,

vs.

         ORDER

WALTER WILMERDING, in his
fiduciary capacity and in his
individual capacity,

         Defendant.
_____

**A.**    **Introduction**

Defendant Walter Wilmerding moves in limine to preclude Plaintiffs Theresa and Leah Joseph from eliciting expert testimony at trial from the following individuals:

    (1)    James Smith – insurance expert; and

(2) Richard Baskett, Esq. – trust law expert.[1]

Having considered the parties' respective arguments, the Court deems it appropriate to deny Defendant Wilmerding's motion as to James Smith, but grant the motion as to Richard Baskett, Esq.

**B.   Background**

The Federal Rule of Civil Procedure 16 scheduling order entered on October 12, 2011, set a deadline of February 13, 2012, for Fed. R. Civ. P. 26(a)(2) liability expert disclosures. At Plaintiffs' request, this deadline was extended until February 20, 2012. And on that date, Plaintiffs identified James Smith and Thomas Boone, Esq. as individuals from whom they would elicit expert testimony at the time of trial on the topics of insurance and trust law, respectively. The Plaintiffs provided a written report – prepared and signed by Smith – as required by Rule 26(a)(2)(B). The Plaintiffs failed, however, to provide a Rule 26(a)(2)(B) report from Boone. Rather, Plaintiffs' counsel merely provided a brusque written statement identifying Boone's general area of expertise and suggesting he might form specific expert opinions and submit a "more detailed report." Dkt. 21-1, at 3.

---

[1] Wilmerding's motion was also directed to two other individuals – the first identified as Charles Chandler, the second identified only as Mr. Vinters. Because the Plaintiffs advise the Court they do not intend to present expert testimony from these two individuals, Wilmerding's motion is properly granted as to them.

The October 12, 2011, scheduling order expressly provided: "objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be made within 14 days of the disclosure date set forth in paragraph 1 or the objection will be deemed waived." Dkt. 12, at 5. Defendant Wilmerding did not serve or file an objection to any Rule 26(a)(2)(B) report. It is imperative to note that the only Rule 26(a)(2)(B) report served by the Plaintiffs was the report of Mr. Smith.

On April 17, 2012 – one day after Defendant Wilmerding filed his motion in limine – the Plaintiffs served him with what was purportedly a Rule 26(a)(2)(B) report of Richard Baskett, Esq. But again, the document merely contained a statement by Plaintiffs' counsel advising Wilmerding of Plaintiffs' plan to "substitute" Mr. Baskett for Mr. Boone as their trust expert at trial, and providing a general description of Mr. Baskett's anticipated testimony. On May 1, 2012, Defendant Wilmerding filed a timely objection to the purported expert report of Baskett – accurately noting that what was provided was merely a "synopsis" of what Plaintiffs' attorneys intended to elicit from Baskett at trial. On May 18, 2012, Plaintiffs e-mailed Wilmerding's counsel a signed copy of Baskett's Rule 26(a)(2)(B) disclosure and served a hard copy of the same via mail on May 21, 2012.

**C.     Analysis**

Rule 26(a)(2)(B) requires a party to disclose to all other parties "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the witness is retained for the purpose of providing expert testimony in the case, the disclosure "must be accompanied by a written report – prepared and signed by the witness." And, among other things, the report must contain a complete statement of all opinions the witness will express as well as the basis and reasons for the opinions. Fed. R. Civ. P. 26(b)(2)(a)(B)(i).

Where a party fails to disclose information required to be disclosed by Rule 26(a), Fed. R. Civ. P. 37(c)(1) forbids the use at trial of the non-disclosed information at trial, unless the failure was substantially justified or was harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Thus, Rule 37(c)(1) "gives teeth to the expert disclosure requirements" of Rule 26(a). *Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 552-53 (D. Mont. 2005). And the October 12, 2011, scheduling order in this matter reminded the parties of these "teeth" – stating that "[a]n inadequate expert report or disclosure may result in exclusion of the expert's opinions at trial...." Dkt. 12, at 5-6.

1.     James Smith

As noted, the Plaintiffs' February 20, 2012, expert disclosure identifying James Smith as retained expert was accompanied by a Rule 26(a)(2)(B) written report that was prepared and signed by Smith. Wilmerding argues, however, that Smith should not be allowed to testify because the report failed to set forth the basis and reasons for the opinions contained in the report. The Plaintiffs counter that Wilmerding waived any objection to the sufficiency of the report because it failed to render the objection within 14 days of the February 20, 2012, disclosure deadline as required by the scheduling order.

A court's Fed. R. Civ. P. 16 scheduling order may, as was done here, designate a period for filing objections to the sufficiency of expert disclosures and deeming objections not timely raised to have been waived. See *McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 649 (D. Kan. 2003). Wilmerding was required to object to the sufficiency of Smith's Rule 26(a)(2)(b) disclosure and report by March 5, 2012. Having failed to do so, Wilmerding waived any objection to the sufficiency of the disclosure and report. And he is precluded from seeking to resurrect any objection via his motion in limine.

Wilmerding attempts to avoid his waiver by arguing that Plaintiffs had an affirmative obligation under Rule 26(e)(1)(A) and the scheduling order to supplement Smith's "incomplete" disclosure. Wilmerding, however, may not use

-5-

the duty to supplement to trump the express directive of the Court to timely file objections to the sufficiency of any expert disclosures. Smith, on the other hand, is bound by his report as written, and may not expand on that report through his testimony at trial.

    2.    <u>Richard Baskett</u>

The identity of Mr. Richard Baskett as a potential expert witness was first disclosed by Plaintiffs on April 17, 2012, nearly two months after the expert witness disclosure deadline. Under Rule 37(c)(1), Mr. Baskett would properly be precluded from testifying at the time of trial unless the Plaintiffs have established their failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). And as the party seeking to introduce Baskett's testimony, the Plaintiffs bear the burden of proving the failure to comply with Rule 26(a)(2)(b) is harmless. *Yeti by Molly*, 259 F.3d at 1107. Plaintiffs have failed to sustain their burden.

First, the Baskett disclosure is extremely untimely. It was not until May 18, 2012, that the Plaintiffs provided even a semblance of a Rule 26(a)(2)(B) disclosure regarding Baskett. Dkt. 32-1. The Plaintiffs offer no justification for the untimely disclosure. Second, the disclosure itself is woefully inadequate, in that it does not set forth any specific opinion Baskettt would offer at the time of trial. The Plaintiffs present no persuasive argument as to how Wilmerding would

not be harmed by the untimely disclosure – a disclosure which in actuality is a non-disclosure of any specific opinions Baskettt would offer at trial.

Indeed, the Plaintiffs state that Baskettt's testimony "will concern only [a] general uncontroversial summary of statutory provisions of the trust code, rather than specific opinions about this case; therefore no expert report was required." Dkt. 22, at 9. As restated by the Plaintiffs, "Mr. Baskettt would provide information to the jury..., none of which constitutes his opinion, but rather concerns statutory provisions that may be found by reading Montana Code statutory provisions on trusts and trustees." Dkt. 22, at 10. As accurately noted by Wilmerding, "instructing the jury as to the applicable law is the distinct and exclusive province of the Court." *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (quoting *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)). Plaintiffs effectively concede that Baskett's proposed testimony will not assist the trier of fact to understand the evidence or to determine a fact in issue – a prerequisite to the admissibility of expert testimony under Fed. R. Civ. P. 702. Consequently, Wilmerding's motion in limine as it pertains to Baskett is appropriately granted.

Therefore,

IT IS HEREBY ORDERED that Defendant Wilmerding's Motion in Limine is DENIED with respect to Mr. James Smith, Mr. Charles Chandler and Mr Vinters.  The motion is GRANTED with respect to Mr. Richard Baskett, Esq.

DATED this 18th day of June, 2012

   /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge